UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. HOLLINGSWORTH, III,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE,

    Defendant.
_____/

Case No. 1:25-cv-751

Hon. Hala Y. Jarbou

## ORDER

    Plaintiff Robert Hollingsworth III, proceeding pro se and in forma pauperis, brings this civil rights lawsuit against Defendant the United States Department of Justice (DOJ). On July 29, 2025, Magistrate Judge Phillip J. Green issued a report and recommendation (R&R) that the Court dismiss the case under 28 U.S.C. § 1915(e) (ECF No. 7). Hollingsworth filed objections to the R&R on August 5, 2025, and moved in the same filing for recusal of the magistrate and district judges assigned to this case (ECF No. 8). For the reasons discussed below, the Court will deny the motion to recuse, overrule Hollingsworth's objections, approve the R&R, and dismiss the case.

    Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3). Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a case filed in forma pauperis if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *Id.*

The essence of Hollingsworth's claims is that he contacted the DOJ Civil Rights Division about a legal matter and it declined to provide assistance in the manner he sought. He contends that this conduct constitutes racial discrimination in violation of 42 U.S.C. § 1981 and the equal protection component of the Fifth Amendment's Due Process Clause.

As an initial matter, Hollingsworth argues that the magistrate judge and the undersigned should recuse themselves from this case due to the appearance of bias. Hollingsworth's evidence of bias is that this Court has previously dismissed his complaints as frivolous in other cases. "However, a judge's adverse rulings against a party do not render [the judge] biased and do not warrant recusal." *Jewell v. Ohio State Univ.*, No. 91-3048, 1991 WL 158755, at *1 (6th Cir. Aug. 14, 1991). Nor has Hollingsworth sufficiently explained why recusal is warranted under 28 U.S.C. §§ 144 or 455. Hollingsworth alleges that the Court's past dismissals of his cases were motivated by racial bias, but he provides no evidence to support this claim. Thus, recusal is unwarranted.

Moving on to Hollingsworth's claims, Section 1915(e)(2)(B) requires dismissal of this suit for two independent reasons. First, both claims are barred by sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Gaetano v. United States*, 994 F.3d 501, 506 (6th Cir. 2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Hollingsworth argues that 42 U.S.C. § 1981 contains such a waiver. But a waiver of sovereign immunity "must . . . be unequivocally expressed in the statutory text." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999) (internal quotation marks omitted). Section 1981 refers only to rights "against impairment by nongovernmental discrimination and impairment under color of State law," and is silent as to federal liability, so it does not waive sovereign immunity. 42 U.S.C. § 1981; *accord Norris v. Principi*, 254 F. Supp. 2d 883, 889 (S.D. Ohio 2003) (collecting cases). Hollingsworth also cites *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976), but that case is

inapposite because it concerned state sovereign immunity under Title VII of the Civil Rights Act of 1964. Finally, Hollingsworth argues that this suit is authorized by the sovereign immunity exception for injunctive relief in *Ex Parte Young*, 209 U.S. 123 (1908), but that exception only applies to suits against individual government officers, *see id.* at 155–56, which this action is not. Thus, because no sovereign immunity exception permits Hollingsworth to bring suit, the Court will dismiss the case.[1]

Even if sovereign immunity were not a bar, Hollingsworth has failed to state an equal protection or § 1981 claim. As the magistrate judge explained, Hollingsworth has not plausibly alleged that the DOJ discriminated against him because the comparators he points to—President Donald Trump and Elon Musk—are not sufficiently similar. Hollingsworth objects that similarly situated comparators are unnecessary because he is alleging arbitrary treatment, but he provides no justification for the claim that the DOJ treated him arbitrarily. He also cites a statistic related to the dismissal rate for civil rights complaints brought by Black people, but he does not provide any context for the statistic or explain how it establishes racial discrimination in this instance. Because Hollingsworth has not plausibly alleged that the DOJ treated him in a discriminatory manner, he has failed to state a claim.

Accordingly,

**IT IS ORDERED** that Hollingsworth's objections to the R&R (ECF No. 8) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Hollingsworth's motion for recusal, contained in his objections (ECF No. 8), is **DENIED**.

---

[1] Although the magistrate judge addressed sovereign immunity only as to the § 1981 claim and not the equal protection claim, the latter is also barred because no waiver or exception applies.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 7) is **APPROVED** and **ADOPTED** as the opinion of the Court.

A judgment will issue in accordance with this order.

Dated: October 21, 2025              /s/ Hala Y. Jarbou
                                                          HALA Y. JARBOU
                                                          CHIEF UNITED STATES DISTRICT JUDGE